

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF TEXAS
THE HOUSTON DIVISION

| | | |
|---|---|---|
| WAYNE TRAYWICK, | § § § § § § § § | PLAINTIFF'S ORIGINAL COMPLAINT |
| *Plaintiff,* | § § | CIVIL ACTION NO. |
| vs. | § § | |
| HOUSTON FREIGHTLINER WESTERN STAR AND DAIMLER TRUCKS NORTH AMERICA<br>Defendants, | § § § § § § § § | |

---

PLAINTIFF'S ORIGINAL COMPLAINT.

---

# Introduction

1. Plaintiff purchased a 2020 Freightliner model CA 126slp. The final purchase price was around $167,000.00 form Houston Freightliner Western Star. These trucks are manufactured by daimler trucks of North America.

## FACTUAL ALLEGATIONS

2. As the plaintiff was driving in Missouri during the night time, he could only see about 10 feet directly ahead of him.

3. The speed limit was 65 MPH. he was going around sharp curves and he was having a hard time going from 35 to40 MPH. It seemed like the other cars were going at least the speed-limit or even faster.

4. Thus his slow speed on a major hwy was dangerous not only to plaintiff but to other drivers.

5. The plaintiff could not hardly see anything ahead of himself. As he was looking straight, past the 10 foot mark it was almost complete darkness. The headlights were set so that he could see not forward but to the right and left of him, but not straight. The plaintiff was loaded: his total weight was around 77,000 pounds.

6. The plaintiff took the truck to a different Freightliner, informing them that he could see not further than 10 feet ahead of himself while he drove at night.

7. Frightener took a look at the headlights of the new 2020 truck, and they agreed that he should not have been able to see anything because freightliner had set the headlights to reflect 15 feet away and down. The normal procedure is 25 feet and up.

8. Plaintiff sits around 7 feet away from the headlights and that is why he could not see further than 10 feet of what was directly ahead of him (15 feet less 7 feet is 8 feet).

9. After frieghtliner corrected the headlights, he was able to see where he was driving at least 100 feet ahead of him if not 150 or 200 feet.

10. The plaintiff had concerns about the safety of the new 2020 freight-liners with their headlight adjustments.

11. He contacted his salesman. Basically he said nothing would be done, but that he would send him his safety report on the headlights. Then he refused to send plaintiff those reports.

12. Plaintiff then sent the sales manager a text and he provided him with a 1 800 call center number.

13. Plaintiff explained to sales manager the importance of this safety issue and a 1 800 number to a call center is not good. Then he provided him a phone number to the secretary of Daimler Trucks.

14. After that, he was provided a phone number to Matt Jablon the district service manager. Plaintiff talked to him for around 45 seconds releasing that he was not interested in the safety of his trucks and what happened to him. Once he realized this, he asked him if he could tell him the story and he said no. Then he asked me what could he do for plaintiff.

15. Plaintiff realized that his phone conversations were a waste of time.

16. Plaintiff made it clear to the defendants that he easily could have been killed from their defective headlight settings and or that he could have killed other people.

17. Plaintiff requested a recall, but defendants refused.

18. Plaintiff's only recourse for their defective headlights is to file a federal lawsuit.

O12. On May 3rd, 2018 plaintiff received an email form the school.

# Count 1

## DEFENDANTS are Knowingly Endangering the Lives of Truckers and other Motorists

16. Plaintiff has made it quiet clear to Defendants that their trucks because of their head light

settings are a death trap for truckers and other motorists and that they subjected plaintiff to a death trap. Even after they have this knowledge before them they will not issue a recall of their trucks to fix this deadly issue of their headlights on there new 2020 CAS126 being set up incorrectly.

## Count 11

## DEFENDANTS have a Defective Headlight settings on their 2020 CAS126 trucks (Product Liability)

17. Defendants are fully aware that their headlights are not set up properly on the new 2020 CAS 126 endangering the lives of truckers and other motorists.

18. Defendants refuse to take this issue seriously and they will not recall these trucks.

## Count 111

## Defendants have Negligently not set up their headlights on a 2020 CAS 126 to a proper adjustment that endangered the life of plaintiff and still endangering the lifes of other truckers and motorists.

19. Defendants have a responsibility to set up their headlights correctly but they do not on new 2020 CAS 126 trucks.

20. This negligence has put plaintiff's life in danger. They are still putting the lives of other trucker and motorists in danger refusing to issue a recall.

## Count 1V

## Defendants Inflicted Emotional Distress against Plaintiff.

21. Defendants behavior of putting plaintiff in a death trap has caused severe emotional distress, knowing that he could have easily been killed or killed other people because of Frieghliner's defective product.

22. Defendants behavior of not to issue a recall of their new 2020 CAS 126 trucks even caused additional intentional emotional distress.

23. Defendants do not care about the life of others and they will not recall their defective product.

24. The defendant actions were and still are intentional and recklesss.

25. Defendants conduct was outrageous.

26. Defendants conduct is the cause of plaintiff's severe emotional distress, of first putting him into a death trap and secondly not recalling their deadly defective trucks

## Count V

## Defendants are now acting with the Intent to Cause Actual Harm.

27. Defendants are aware of their defective headlight settings on their 20 CAS 126, but they refuse to issue a recall.

28. Thus, because of their reckless behavior, they are intentionally causing actual harm, endangering the lives of truckers and other motorists.

## Damages

81. Plaintiff hereby reaffirm, reiterate and incorporate by reference each and every allegation contained within paragraphs 1-28 as if recited heroes and further states as follows:

82. As a direct and proximate result of the acts and omissions outlined above, plaintiff has been severely damaged. Defendants conduct caused emotional distress and mental anguish and trauma. Plaintiff also seeks compensatory damages in an amount deemed sufficient and

exemplary damages against defendants.

## Jury Request

## PRAYER FOR RELIEF

Wherefore, plaintiff will respectively request Defendants be cited to appear and on that final trial, plaintiff be awarded judgment against defendants for the following:

a. A court order requiring frightener to recall their defective 2020 CAS 126 trucks so they can set the headlights properly. A judgment against defendants on each case of action as well as a fair and reasonable amount of compensatory damages.

b. A monetary damage for physical pain and mental anguish suffered at the hands of defendants.

c. A monetary damage fo violation of plaintiff's wrongful death statue and survival action

d. An award of punitive damages

e. Pre and post judgement interest

f. Court Costs and expenses of this action

g. Any and all other relief or damages applicable to the fact of the matter or that court deems fitting and proper

Respectfully submitted,
Wayne Traywick

*Wayne Traywick*

May 6th, 2019
3534 Mesquite Dr
SugarLand Tx. 77479
(630) 926-5523